IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-001536-RMR-RTG

CHELSEA KRABBE and KAMDYN KRABBE,

    Plaintiffs,

v.

ROARING FORK SCHOOL DISTRICT RE-1,

    Defendant.

_____

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR JUDICIAL NOTICE OF THE CORRECT EFFECTIVE DATE OF THE SETTLEMENT AGREEMENT**
_____

Defendant Roaring Fork School District RE-1 (the "District"), by and through its undersigned counsel, responds to Plaintiff Chelsea Krabbe's "motion for judicial notice of the correct effective date of the settlement agreement" ("Motion") (Doc. 71), as follows:

**ARGUMENT**

A court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "Judicial notice is proper when a fact is beyond debate, for instance, what time the sun sets on a given day" and "every reasonable doubt upon the subject should be resolved promptly in the negative." *The Estate of Lockett by and through Lockett v. Fallin*, 841 F.3d 1098, 1111 (10th Cir. 2016). Judicial notice of facts is not appropriate when those facts are the subject of the dispute between the parties.

*Davis v. Mineta*, 302 F.3d 1104, 1123 n. 11 (10th Cir. 2002) *abrogated on other grounds by Colorado v. Griswold*, 99 F.4th 1234 (10th Cir. 2024).

Here, Plaintiff asks the Court to take judicial notice of the effective date of a settlement agreement between the parties. ECF Doc. 72. As Plaintiff points out, however, there are disputes of fact about the agreement in question. Plaintiff notes that the District included a statement about the settlement agreement in its statement of defenses in the proposed scheduling order. Notably, that statement is not included in the "undisputed facts" section of the proposed scheduling order because the District understands there is a dispute of fact. Additionally, the settlement agreement is not from a source that cannot be reasonably disputed. As there is a dispute of fact and the document is not from a source that cannot be reasonably disputed, this is not something of which the Court can take judicial notice.

Plaintiffs argue that the court can take judicial notice of a settlement agreement, but there is no legal authority that supports the Plaintiffs' claim. Where the settlement agreement is not a matter of public record, is not certified, and there are disputes surrounding the agreement, it is not proper for a court to take judicial notice. *See White v. Santomaso*, 2012 WL 364057 *3 (D.Colo. 2012) (Ex. 1); *see also Unifirst Holdings, Inc. v. Leeds West Group, LLC*, 2024 WL 4372156 *2 (W.D. Okla. 2024) (Ex. 2); *see also D.R. Horton, Inc.-Denver v. Travelers Indem. Co. of America*, 860 F.Supp.2d 1246, 1258-59 (D. Colo. 2012) (Ex. 3).

Plaintiffs cite *Kaseburg v. Conaco*, 2016 WL 7438415 *3 (S.D. Cal. 2016) for the proposition that courts routinely take judicial notice of the content of a settlement

agreement. First, it is clear from the case law cited above that taking judicial notice of the content of a settlement agreement is not "routine." In any event, Plaintiffs' citation is erroneous. The citation "2016 WL 7438415" is a press release from Environmental Protection Agency that has nothing to do with judicial notice. Moreover, the District found 10 decisions from *Kaseburg v. Conaco*. Two of those decisions had some consideration of judicial notice, but nothing related to a settlement agreement. *Kaseburg v. Conaco, LLC*, 360 F. Supp. 3d 1026, 1029 (S.D. Cal. 2018) (Ex. 4); *Kaseburg v. Conaco, LLC*, 2018 WL 1782914 *2 n. 2 (S.D. Cal. 2018) (Ex. 5).

## CONCLUSION

For the foregoing reasons and authorities cited, Defendant requests that the Court deny Plaintiffs' motion to take judicial notice of the effective date of the settlement agreement.

RESPECTFULLY SUBMITTED this 13th day of December, 2024.

SEMPLE, FARRINGTON, EVERALL & CASE, P.C.


By: *s/ Robert P. Montgomery*
    Robert P. Montgomery
    1120 Lincoln Street, Suite 1308
    Denver, CO 80203
    (303) 595-0941
    rmontgomery@semplelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of December, 2024, a correct copy of the foregoing was filed and served via CM/ECF, email, and U.S. mail on the following:

Chelsea Krabbe
220 Flat Tops View Dr. A305
Glenwood Springs CO 81601
(970) 309-2123
ckrabbe84@gmail.com

Kamdyn Krabbe
220 Flat Tops View Dr. A305
Glenwood Springs CO 81601
(970) 309-2123
Kkrabbe06@gmail.com

By: *s/ Kathleen Schmidt*

4